# NO. 12-15-00101-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *MARC JAMISON WOODCOCK,* *APPELLANT* | § | *APPEAL FROM THE 392ND* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *HENDERSON COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

Appellant, Marc Jamison Woodcock, pleaded guilty to the offense of aggravated assault causing serious bodily injury, a first degree felony. The trial court found him guilty and sentenced him to imprisonment for twenty years.

The clerk's record shows that on November 3, 2014, the trial court certified that "this criminal case [] is not a plea-bargain case, and the defendant has the right of appeal[.]" *See* TEX. R. APP. P. 25.2(a)(2). The certification is signed by Appellant and his trial counsel. On January 12, 2015, the trial court issued a second certification, stating that "this criminal case [] is a plea-bargain case, and the defendant has NO right of appeal[.]" *See id.* This certification is also signed by Appellant and his trial counsel. The "Terms of Plea Agreement" section of the judgment states there is "[n]o Plea Agreement, with the exception of State Abandon Count II, Proceed on Count I, Abandon Deadly Weapon Finding[.]" This indicates that there was a charge bargain between Appellant and the State and is consistent with the trial court's certification. *See generally* **Shankle v. State**, 119 S.W.3d 808 (Tex. Crim. App. 2003) (discussing various types of plea bargains including charge bargains). Texas Rule of Appellate Procedure 25.2(a)(2) limits a defendant's right to appeal in a plea bargain case when he pleads guilty and his punishment does not exceed the punishment recommended by the prosecutor and agreed to by the defendant. *See* TEX. R. APP. P. 25.2(a)(2). Under those circumstances, the defendant may appeal only (1)

matters raised by written motion and ruled on before trial or (2) after getting the trial court's permission to appeal. ***Id.*** Here, the trial court sentenced Appellant in accordance with the charge bargain as described in the judgment. Appellant did not file any pretrial motions that were ruled on before trial, and the trial court did not give Appellant permission to appeal. Therefore, we conclude that the trial court's January 12, 2015 certification of the right of appeal is supported by the record and that Appellant has no right to appeal. Accordingly, we ***dismiss*** the appeal "without further action." *See **Chavez v. State***, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006).

Opinion delivered June 3, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

2



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JUNE 3, 2015**

**NO. 12-15-00101-CR**

**MARC JAMISON WOODCOCK,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 392nd District Court

of Henderson County, Texas (Tr.Ct.No. B-20,826)

THIS CAUSE came to be heard on the appellate record; and the same being considered, it is the opinion of this court that this appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this court that this appeal be, and the same is, hereby **dismissed**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*